## Nettie M. Voelker, Appellant, v. Edwin Voelker, Appellee.

### Gen. No. 23,277. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN·
STELK, Judge, presiding. Heard in this court at the March term,
1917. Reversed and judgment here. Opinion filed October 2, 1917.

### Statement of the Case.

Action in replevin by Nettie M. Voelker, plaintiff, against her former husband, Edwin Voelker, defendant, for the possession of certain household goods, wearing apparel, and the like, of the alleged value of $550. From a judgment finding the right of property in the defendant and awarding to him the return of the goods taken under the writ, plaintiff appeals.

ARTHUR W. KETTLES and PHILIP L. SULLIVAN, for appellant.

CLARK & CLARK, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT—*when question of estoppel on ground of former adjudication is waived.* The question of estoppel, by a divorce decree providing for conveyance of certain real estate from the husband to the wife, to have title to personal property determined in a subsequent replevin suit by the wife against the husband is waived by defendant's failure to present it in apt time, where defendant was represented by counsel at the time plaintiff made application to the chancellor during the divorce suit for an order allowing her to replevy such personal property, and when the order was entered

concerning it, and raised no such question of estoppel on ground of a former adjudication.

2. JUDGMENT, § 502*—*what estoppel by limited to.* Estoppel by judgment is limited to questions involved in the issue and not to incidental matter.

3. JUDGMENT, § 502*—*when decree of divorce providing for property rights in real estate does not estop party seeking recovery of personal property.* A decree in a divorce suit providing for the conveyance of certain real estate from the husband to the wife does not create an estoppel by judgment as to personal property, which was not involved in and was not essential to the conclusion reached in the divorce suit, in an action by the wife to replevy such personal property.

4. JUDGMENT, § 688*—*who has burden of proving former adjudication.* Where a plea of former adjudication is relied upon, the burden of proving such plea is upon the defendant, and it must be shown what was determined by the former judgment, and such proof must be clear, certain and convincing.

5. JUDGMENT, § 444*—*when in former proceeding creates an estoppel.* A judgment in a former proceeding is an estoppel only where it appears from the face of the record, or by extrinsic evidence, that the precise matter in controversy in the suit at bar was raised and determined in the proceeding which is urged as an estoppel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.